# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

SAMANTHA LETSON                                                                       PLAINTIFF

V.                              NO. 3:20-CV-00083-JTR

ANDREW SAUL,
Commissioner,
Social Security Administration                                                        DEFENDANT

## ORDER

On March 13, 2020, Plaintiff Samantha Letson ("Ms. Letson") filed her Complaint appealing the Commissioner's final decision denying her claim for disability benefits. The Commissioner had sixty days from March 25, 2020, the date he was served with the Complaint, to file an Answer. *See Doc. 4*; Fed. R. Civ. P. 12(a)(2). By statute, the Commissioner was required to file "a certified copy of the transcript of the record" at the time he filed his Answer. 42 U.S.C. § 405(g).

Instead of filing an Answer, along with a certified copy of the transcript of the record, on May 26, 2020, the Commissioner filed the pending motion to stay all proceedings in this case "until such time as a certified transcript of the record can be produced." *Doc. 7*. In support of the motion, the Commissioner states that the employees in the Falls Church, Virginia office of the Social Security Administration's Office of Appellate Operations, who prepare the transcripts in

cases like this one, are all "teleworking," which prevents them from being physically present in the office to assemble and submit the transcript of the record to the Court. Although the motion references an "attached declaration" that "explains these functional limitations in greater detail," *no declaration* is attached to the pleading.[1]

For the reasons stated below, the Commissioner's motion to stay is DENIED.

First, the Commissioner's motion does not provide me with any inkling of *when* he will "be able to produce a certified transcript of the record." Ms. Letson filed her initial application for SSD benefits on May 17, 2017, *over three years ago*. Suffice it to say, I am unalterably opposed to the Commissioner's bold suggestion that I grant *him* the authority to decide when Ms. Letson can proceed with her claim, which seeks to overturn *his decision* denying her claim for disability benefits.

Second, it appears the Commissioner may be routinely filing and receiving *indefinite stays* in other social security cases that are pending throughout the country. Allowing this practice in the Eastern District of Arkansas, which historically has a high weighted caseload of social security cases, will create a significant backlog,

---

[1]The Commissioner does not explain what constitutes "the transcript of the record." However, it appears to be limited to a transcription of the digitally recorded hearing before the Administrative Law Judge. I am at a loss to understand why the SSA employees responsible for preparing those transcripts can not perform this task just as efficiently "teleworking" from home, rather than doing it from the office. Perhaps this explanation is provided in the *missing declaration*. However, without a full explanation of why this work can not be performed from home, the entire predicate for either a stay or an extension of time completely disappears.

and potentially prejudice the rights of a large pool of claimants who rightfully expect the Court to expeditiously decide their appeals.

Finally, under Rule 1 of the Federal Rules of Civil Procedure, the Court is obligated "to secure the just, speedy, and inexpensive determination of every action and proceeding." Granting an indefinite stay in this case would be contrary to both the letter and spirit of that Rule.

Rather than filing a Motion to Stay, the Commissioner should have filed a Motion for Extension of Time that sought an extension only for: (1) his best estimate of the number of days it may be before the relevant SSA employees can return to work in the Falls Church SSA offices; *plus* (2) the estimated number of days it will take them, once they return to work, to prepare and file the certified record in this case.[2] This approach would have allowed the case to remain on track and on schedule, subject only to any unexpected increases in COVID-19 infection rates in northern Virginia, which could support the Commissioner filing another motion for extension of the deadline for filing the record.

*Sua sponte*, I will allow the Commissioner a sixty (60) day extension of time to file an Answer and a certified copy of the transcript of the record in this case. The employees in the Social Security Administration's Falls Church, Virginia offices,

---

[2] Of course, this motion would need to explain in detail why the SSA employees responsible for preparing these transcripts cannot do so just as efficiently working from home.

who are providing the "essential service" of preparing certified copies of the record in social security cases on appeal, are likely to be able to safely return to work within the next thirty days, which will then allow them at least thirty additional days to prepare and file the record in this case.[3]  Based on these reasonable estimates, I believe the Commissioner should be able to file the record within sixty days.

IT IS THEREFORE ORDERED that the Defendant Commissioner's Motion for Stay, *Doc. 7,* is DENIED.  The Court *sua sponte* extends the deadline for the SSA to file an Answer and a certified copy of the transcript of the record in this case from May 26, 2020 to and including ***July 28, 2020***.

DATED this 1st day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] A recent newspaper article discussed the Virginia governor greeting beachgoers, in Virginia Beach, over the recent Memorial Day weekend. This suggests workers in the SSA's Falls Church office may be able to safely return to work in much less than the thirty days I have assumed in extending the filing deadline to July 28, 2020.