# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

SAMANTHA LETSON                                                    PLAINTIFF

V.                              NO. 3:20CV00083-JTR

COMMISSIONER of
SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## ORDER

### I.   Introduction:

On May 17, 2017, Plaintiff, Samantha Letson, applied for disability benefits, alleging disability beginning on July 7, 2014.[1] (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on April 12, 2019. (Tr. at 18). The Appeals Council denied her request for review, making the ALJ's denial of Letson's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

---

[1] Letson applied for disability insurance benefits, and her date last insured was September 30, 2017. (Tr. at 10). This means that the relevant time-period for determination of eligibility for benefits is July 7, 2014 through September 30, 2017. *Id.*

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.    The Commissioner's Decision:

The ALJ found that Letson had not engaged in substantial gainful activity from July 7, 2014 through September 30, 2017. (Tr. at 12). The ALJ found, at Step Two, that Letson had the following severe impairments: degenerative disc disease, fibromyalgia, and perivascular dermatitis. *Id*.

After finding that Letson's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Letson had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she can only occasionally stoop, crouch, crawl, kneel, and balance. *Id*. Also, she requires a controlled indoor work environment with no excessive exposure to dust, smoke, fumes, and other irritants. *Id*. Finally, she is limited to simple, routine, and repetitive work, with supervision that is simple, direct, and concrete. *Id*.

The ALJ determined that Letson had no past relevant work. (Tr. at 16). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that, based on Letson's age, education, work experience and RFC, jobs existed in significant numbers in the national economy which she could perform, including work as a document preparer and a callout operator. (Tr. at 17). Thus, the ALJ concluded that Letson was not disabled. *Id*.

III.   <u>Discussion:</u>

A.   **Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

### B.   Letson's Arguments on Appeal

Letson contends that substantial evidence does not support the ALJ's decision to deny her application for benefits. She argues that: (1) the ALJ improperly discounted the medical opinions and failed to fully develop the record; (2) the RFC did not incorporate all of her limitations; and (3) the hypothetical that the ALJ posed to the VE at Step Five was insufficient.

Letson suffered from back pain, fibromyalgia, and dermatitis. MRI and x-rays revealed no more than moderate back and neck problems, and chiropractic care improved her pain. (Tr. at 35-37, 309-322, 440). Letson stated at the hearing that she was not taking any medication for pain. (Tr. at 32). Musculoskeletal examinations throughout the relevant time-period revealed generally normal range of motion, negative straight-leg raise, and normal gait. (Tr. at 356-384, 416-452). Clinic notes overall showed she was in no acute distress at her appointments. (Tr. at 356-376). A rheumatoid arthritis screen was negative. (Tr. at 413). Letson's pain management

doctor recommended conservative care like physical therapy (Tr. at 414-416), and her treating physician, Dr. John Hines, D.O., said that ice and heat would help. (Tr. at 385). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Dr. Hines encouraged exercise. (Tr. at 670). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Letson said that after treatment for dermatitis, she was "greatly improved." (Tr. at 15).

Letson alleged problems performing daily activities, but also said she could prepare simple meals, walk, do some light chores, and care for her pet. (Tr. at 37-43, 231-234). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Letson claims that the ALJ should have given more weight to the opinion of Dr. Hines that she could not even perform sedentary work. (Tr. at 675-679). However, the opinion was on a short checkbox form, with little elaboration or citation to clinic notes. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). The form was dated well after the end of the relevant time-period. *Id*. It was inconsistent with Dr. Hines's own clinic notes

showing mild-to-moderate conditions. Letson only saw Dr. Hines on a handful of occasions, and over half of the visits were for acute sinus infections or lab work. (Tr. at 367-388).

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is persuasive if it is sufficiently relevant to and consistent with the medical evidence as a whole. *See Phillips v. Saul*, No 1:19-CV-00034-BD, at *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

The ALJ properly discounted Dr. Hines's opinion. He discussed the opinion and cited to Dr. Hines's own notes finding normal range of motion in Letson's extremities and back, as well as intact sensation and normal gait. (Tr. at 16). The ALJ said that the benign objective imaging results were inconsistent with Dr. Hines's extreme limitations. *Id*. The ALJ also found the Disability Determination Services expert opinions that Letson could perform light work to be less than persuasive. (Tr. at 16, 61, 81). He reasoned that the medical evidence suggested

Letson was capable of only sedentary work, meaning that he gave credit to Letson's allegations of pain. The ALJ properly evaluated the medical opinions.

The ALJ also based his decision off of a fully developed record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id.* As shown above, the record evidence only revealed mild-to-moderate conditions, and Letson's pain improved with treatment. She was encouraged to exercise. Clinic examinations were grossly normal. There were significant gaps in treatment, which treatment was largely conservative. There was no apparent conflict in the record requiring further development.

Moreover, for these reasons, the RFC was well-supported. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). While Letson argues that an RFC that is not based on any specific medical opinions cannot stand, case law suggests otherwise. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)(medical records alone can provide sufficient support for an RFC assessment and there is no requirement that an RFC finding be supported by a specific medical opinion); *Harvey v. Colvin*, 839 F.3d 714

(8th Cir. 2016)(an RFC must be support by medical evidence but an opinion from a treating or examining provider is not required).

Likewise, the ALJ posed a proper hypothetical to the VE. A hypothetical need only include the limitations that the ALJ finds are established by the evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996). Letson did not establish that the hypothetical question suggesting sedentary work with postural limitations was somehow deficient. The Plaintiff has the burden of proving her disability, and Letson did not carry that burden.

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions, the record was fully developed, the RFC incorporated Letson's limitations, and the hypothetical question posed at Step Five was sufficient. The finding that Letson was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

ORDERED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE